IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LAWRENCE L. HARRIS, II,            )
                                   )
            Plaintiff,             )
                                   )
    v.                             )        1:10CV412
                                   )
THERESA K. PRESSLEY, et al.,       )
                                   )
            Defendant(s).          )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Lawrence L. Harris, II, has submitted a pro se complaint under 42 U.S.C. § 1983 and requested that he be permitted to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names 22 government workers or officials as defendants.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

As to the first basis for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous

where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Federal Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted).

The Supreme Court further has identified factually frivolous complaints as ones involving "allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (internal citations and quotation marks omitted). In making such findings, this Court may "apply common sense." *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995).

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (emphasis added) (internal citations omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short

of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*[1] The Court may also anticipate affirmative defenses which are clear on the face of the complaint. *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Nasim*, 64 F.3d at 954 (4th Cir. 1995)(en banc)(court may apply common sense and reject fantastic allegations and/or rebut them with judicially noticed facts).

The final ground for dismissal under 28 U.S.C. § 1915A(b)(2) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages.

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions," *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying *Twombly* standard in dismissing pro se complaint). *Accord Atherton v. District of Columbia Off. of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting *Erickson*, 551 U.S. at 94, and *Iqbal*, 129 S. Ct. at 1950, respectively)), *cert. denied* ___ U.S. ___, No. 09-8739, 2010 WL 286406 (2010), *and cert. denied*, ___ U.S. ___, No. 09-889, 2010 WL 285700 (2010).

*See, e.g., Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); *Pierson v. Ray*, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity). *Cf. Allen v. Burke*, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where "damages are theoretically available under [certain] statutes . . ., in some cases, immunity doctrines and special defenses, available only to public officials, preclude or severely limit the damage remedy").

For the reasons that follow, the complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted, and because it seeks monetary damages from defendants with immunity from such relief.

As an initial matter, the Court notes that Plaintiff is attempting to undermine his convictions for possession with intent to sell or deliver crack cocaine and solicitation to commit arson. He claims that he was falsely promised that these would not go on his record as violent crimes, but that they were so treated in a later federal case. He contends that this is a "'**premeditated fraudulant [sic] plan**'," that has unfold [sic] by every named defendant." (Docket No. 2 at 10.) In essence, he alleges a large-scale conspiracy surrounding his state convictions and proclaims his innocence. Plaintiff is not be permitted to raise claims undermining his state convictions without first showing that such convictions have been reversed on direct appeal, expunged by Executive Order, declared invalid by a

state tribunal, or, finally, called into question by a federal court through the issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff fails to do so and, therefore, dismissal is proper for this reason alone.

Further, Plaintiff has sued a number of state officials. It is not clear whether he intends to sue them in their individual or official capacities. However, to the extent that this is an official capacity suit, it fails. Neither the State nor it agencies are "persons" subject to suit under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Plaintiff's suit should be dismissed accordingly.

Plaintiff names two state court judges and five current or former state prosecutors as defendants. They are Judges A. Leon Stanback and W. Osmond Smith, III, former District Attorney Joe Brewer, District Attorney James M. Long, former Assistant District Attorney Luann Wright Martin, and Assistant District Attorneys Roger Echols and Hugh Willaford. Judges have absolute immunity for their judicial actions. *Stump v. Sparkman*, 435 U.S. 349 (1978). Prosecutors have absolute immunity for their participation in the judicial process. *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *see Lyles v. Sparks*, 79 F.3d 372 (4th Cir. 1996) (prosecutor's decision of whether and when to prosecute is protected by absolute immunity). Plaintiff alleges only that these defendants made rulings against him or improperly prosecuted him in some manner. Plaintiff's complaint against all seven of the defendants just listed should therefore be dismissed.

-5-

Next, Plaintiff names four of his former defense attorneys, Theresa K. Pressley, Charlie Hubbard, Jason Crump, and Ben Holloman, as defendants. However, defense attorneys do not act "under color of" state law and are, therefore, not amenable to suit under § 1983. This is true whether the attorney is privately retained, *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976), appointed by the state, *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980), or employed as a public defender, *Polk County v. Dodson*, 454 U.S. 312, 324 (1981) (no state action where public defender performs traditional functions as a lawyer). For this reason, Plaintiff cannot pursue this claim via § 1983 and, if he has a remedy against his attorneys, he must find it under the appropriate state law. His claims against Pressley, Hubbard, Crump, and Holloman should be dismissed.

Plaintiff also names a defendant who he identifies as a court clerk whose name is unknown. Court clerks are accorded derivative absolute immunity when they act in obedience to judicial order or under the court's direction. *See, e.g., McCray v. State of Md.*, 456 F.2d 1 (4th Cir. 1972). Plaintiff pleads no facts which would, if true, overcome this immunity and entitle him to relief.

As for the remaining defendants, Plaintiff simply does not make sufficient factual allegations to state a claim for relief against any of them. Two, Kerri Jeffrey and James Yancey are state probation officers who was assigned to Plaintiff's arson conviction. (Docket No. 2 at 9.) His only allegation is that they harassed and embarrassed him before

revoking his probation. (*Id*. at 15-16.) This is exactly the sort of bare bones, "the-defendant-unlawfully-harmed-me" allegation that is insufficient to state a claim for relief.

Plaintiff also sues the former Governor of North Carolina Mike Easley, current Governor Beverly Eaves Purdue, North Carolina Attorney General Roy A. Cooper, Secretary of the North Carolina Department of Correction Alvin W. Keller, Jr., current Roxboro Mayor Thomas J. Brown, Roxboro's unnamed former mayor, and two unnamed County Commissioners or Managers from an unnamed county. Plaintiff claims either that the conspiracy against him occurred while these officials were in office or that they are liable because they are currently in office and the State of North Carolina and City of Roxboro are liable for his damages. As to these persons, Plaintiff alleges no direct action, but only claims vicarious or supervisory liability. This is insufficient to state a claim under § 1983. The doctrine of *respondeat superior* is inapplicable to § 1983 actions, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), except where a plaintiff can establish supervisory indifference, *Slakan v. Porter*, 737 F.2d 368 (4th Cir. 1984). To establish supervisory indifference, Plaintiff would have to show that the supervisory party had notice of the acts of its subordinates and, moreover, that there was a causal link between the supervisory inaction and the harm suffered. *Id*. at 373-76. Plaintiff makes no allegations that would meet this standard. He also mentions negligence as part of his claims, but simple negligence fails to implicate the rights secured by the Constitution or the laws of the United States. *See*, *e.g.*, *Davidson v. Cannon*, 474 U.S. 344, 348 (1986) (failure to take due care, as opposed to

deliberate indifference to possible harm, is not the sort of governmental abuse which the Due Process Clause was designed to prevent); *Estelle v. Gamble*, 429 U.S. 97, 106, 104 (1976) (only deliberate indifference on part of supervisory official to potential harm can offend the "evolving standards of decency" in violation of the Eighth Amendment). Plaintiff has stated no claim against the officials named above and the case against them should be dismissed.

Finally, Plaintiff does request injunctive relief, relief which may not be barred by immunity, but he has not requested a proper injunction. Plaintiff has asked for an injunction requiring that neither he nor any other persons suffer from the same sort of oppression and harassment that Defendants are alleged to have inflicted on Plaintiff. Plaintiff's request is not narrowly drawn to protect only himself nor has his standing to request an injunction on behalf of others been demonstrated. Accordingly, this request for injunctive relief is impermissibly broad. Plaintiff also fails to allege sufficient facts to show that he is in danger of future harassment. Plaintiff's request for injunctive relief should be dismissed.

Plaintiff is therefore not entitled to further proceed as a pauper. Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted a complaint for filing, however, and, notwithstanding the above determination, § 1915(b)(1) requires that an initial payment of $1.72 be made.

-8-

Case 1:10-cv-00412-CCE-PTS   Document 4   Filed 06/10/10   Page 8 of 10

Plaintiff must also agree that his funds be withheld until the full filing fee is paid. Failure to comply with this Order will lead to dismissal of the complaint.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

**IT IS FURTHER ORDERED** that within twenty (20) days from the date of this Order Plaintiff make an initial partial payment of $1.72 and return the Consent to Collection form. Failure to comply with this Order will lead to dismissal of the complaint.

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief may be granted, as well as for seeking monetary relief against a defendant who is immune from such relief.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: June 10, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LAWRENCE L. HARRIS, II, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THERESA K. PRESSLEY, et al., )<br>)<br>Defendant(s). ) | 1:10CV412 |

## CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT

I, _____, prison number _____, hereby consent:

1. for the appropriate prison officials to collect or set aside from my account on a continuing basis each month, starting the month after this action was filed, an amount equal to 20% of each month's income or deposits for the payment of filing fees and costs of this action;
2. that collection shall continue even after my case is dismissed or otherwise decided until the full filing fee and any assessed costs are paid;
3. that I may not withdraw or use any part of these 20% monthly set asides except to pay the court;
4. that the court will order the Trust Officer (or similarly designated official ) to forward payments to the Clerk's Office, U.S. District Court, Post Office Box 2708, Greensboro, North Carolina 27402, until such time as the $350.00 filing fee and any assessed costs are paid in full; and
5. that I understand that <u>any violation</u> or noncompliance by me with the terms of this Consent shall result in the dismissal of the above entitled action with prejudice.

Date: _____    Plaintiff's signature: _____